

The trial court erred in making findings of fact [1] in conflict with findings by the Secretary thus substantially supported on the record as a whole. See Brown v. Finch, 5 Cir., dec. July 2, 1970, 429 F.2d 80; Knox v. Finch, 5 Cir., dec. June 12, 1970, 427 F.2d 919.

The judgment is reversed and the case is remanded to the trial court for entry of judgment for the Secretary.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Kathryn H. Baldwin, J. F. Bishop, Dept. of Justice, Washington, D. C., for appellant.

Fredrick L. Rice, Jacksonville, Fla., for appellee.

Before TUTTLE, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This case involves the standard of review by a district court of a determination of fact by the Secretary bearing on the entitlement of a covered person of 65 years of age to old age social security benefits. It is plain on the record here that there was substantial evidence to support the Secretary's findings that the retiree's income from salary and self employment equalled the salary paid to him by his corporation, set up to take over his sole proprietorship at age 65, the salary paid to his wife who did no substantial work, plus the profits remaining in the corporation at the end of the accounting period.

1. The trial court found that the retiree, after incorporation, performed "markedly restricted services," whereas the Secretary found as a fact that "claimant's work activities in the store are substantially the same since incorporation as they were prior thereto. * * * "

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GLAZER WHOLESALE DRUG COMPANY OF NEW ORLEANS, INC., Respondent.**

**No. 30623**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.
March 2, 1971.

It is not disputed that the volume of business and sales were also substantially the same after incorporation.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Charles M. Paschal, Jr., Director, Region 15, N. L. R. B., New Orleans, La., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Robert E. Williams, Richard Zaiger, Attys., N. L. R. B., Washington, D. C., for petitioner.

Emil Corenbleth, Dallas, Tex., for respondent.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

Anthony V. **ALLESSANDRINI**, a/k/a **Tony Aless, Plaintiff-Appellant,**

v.

**AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA and Associated Musicians of Greater New York, Local 802, AFM, AFL–CIO, Defendants-Appellees.**

**No. 361, Docket 35417.**

United States Court of Appeals, Second Circuit.

Argued Jan. 11, 1971.

Decided March 18, 1971.

Godfrey P. Schmidt, New York City, for plaintiff-appellant.

Stephen C. Vladeck, Judick P. Vladeck, Vladeck, Elias, Vladeck & Lewis, New York City, for defendant-appellee American Federation of Musicians.

Ashe & Rifkin, New York City, for defendant-appellee Local 802.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

In 1966 plaintiff, claiming that he had been underpaid during the tenure of his employment by the Columbia Broadcasting System as a band conductor on the Jack Sterling radio program,* submitted the issue to arbitration under the aegis of the defendant unions. After a hearing, recovery was denied. No effort was made to set aside this award; rather, plaintiff instituted suit in a New York

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Plaintiff's union contract provided that a band leader would receive a salary 75 per cent greater than that of a sideman if the band consisted of six or more men including the leader; otherwise he would receive the same as a sideman. Aless was paid as a sideman. When production of the show switched from live performance to taped, plaintiff was dismissed. He claimed that as Sterling, the show's star, played the drums during every performance the band actually consisted of six men.